JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-640 AG (RNBx) | Date | April 27, 2012 |
|---|---|---|---|
| Title | OPES INVESTMENTS, INC. v. EBRAHIM SIANAKI, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** [IN CHAMBERS] ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff Opes Investments, Inc. ("Plaintiff") recently filed an unlawful detainer action against Defendants Ebrahim Sianaki and Fazli Shahin (together, "Defendants") in Orange County Superior Court. Pro se Defendant Sianaki filed a Notice of Removal ("Notice") on April 25, 2012.

Defendant's seven-sentence Notice of Removal does not allege any basis for federal jurisdiction. Instead, the Notice of Removal states that "Plaintiff in this action; [sic] is politically connected with the Judges and the Sheriff in Orange County and the Orange County Courts are unable and or, [sic] are unwilling to accord me my due process rights and procedural due process in the trial of the underlying state action."

Based on the Plaintiff's state court complaint and Defendant's Notice of Removal, it appears that this Court lacks subject matter jurisdiction over Plaintiff's action.

The Court reminds Defendant that "[s]peedy adjudication is desirable [in unlawful detainer actions] to prevent subjecting the landlord to undeserved economic loss and the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-640 AG (RNBx) | Date | April 27, 2012 |
|---|---|---|---|
| Title | OPES INVESTMENTS, INC. v. EBRAHIM SIANAKI, et al. | | |

tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*. Defendant is cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal by a pro se defendant was "frivolous and unwarranted" and warning "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

**DISPOSITION**

Because the Court lacks subject matter jurisdiction, the case is ordered REMANDED to Superior Court.

: 0

Initials of Preparer    lmb